**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAYER GREENHUT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS INC.,<br><br>Defendant. | Civil Action No: 1:23-cv-8844<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Mayer Greenhut (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, against Defendant Transworld Systems Inc. ("TSI" or "Defendant") individually and on behalf of a class of all others similarly situated, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. All individuals with addresses in the State of New York;

   b. Who received a collection communication from the Defendant;

   c. Which contained a balance for the total amount owed;

   d. That included an improper amount charged to Plaintiff for interest; and

   e. which improper collection actions occurred on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal

issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

       d.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

       e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Sometime prior to December 8, 2022, Plaintiff allegedly incurred a debt with Enterprise Rent A Car - SCD (hereinafter, "Enterprise").

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, Enterprise contracted with Defendant for the purpose of collecting this debt.

25. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. On December 9, 2022, Plaintiff received a collection letter from the Defendant to collect upon the Enterprise debt. A true and accurate copy of the collection letter Defendant mailed to the Plaintiff is attached as Exhibit A, hereinafter "Letter."

27. Plaintiff disputes this debt in its entirety and has communicated at length with Enterprise as to the reasons it is not a valid debt including filing a police report as to the events surrounding this alleged debt.

28. In the Letter, the Defendant provides a breakdown of the balance of the alleged debt owed by the Plaintiff. *See* Exhibit A.

29. In the Letter, Defendant provides an itemized breakdown of the alleged debt, reproduced below:

| | |
|---|---|
| As of December 8, 2022, you owed: | $8781.17 |
| Between December 8, 2022 and today: | |
|     You were charged this amount in interest: | + $2775.33 |
|     You were charged this amount in fees: | + $0.00 |

6

      You paid or were credited this amount toward the debt:  - $0.00
      Total amount of the debt now:      $11556.50

*See* Exhibit A.

  30.  In the breakdown, Defendant states that the Plaintiff owed $8,781.17 as of December 8, 2022. *See id*.

  31.  In the same breakdown, Defendant also states that, between December 8, 2022 and the date of the letter, no fees were incurred on the debt and no payments or credits were made towards the debt but interest accrued in the amount of $2,775.33. *See id*.

  32.  Defendant concludes the breakdown by stating that the total balance owed now is $11,556.50. *See id*.

  33.  Per this itemization, Plaintiff incurred interest on the alleged debt in the amount of $2,775.33 in one (1) day. *See id*.

  34.  The Letter provides no explanation as to why such an exorbitant amount of interest was incurred over one (1) day.

  35.  If this interest had actually been accrued over time then the itemization given for the debt is false.

  36.  This discrepancy in the amount due now that increased without explanation $2775.33 in one day left the Plaintiff confused and unable to pay this debt as he suspected further fraud on this account that was fraudulent to begin with.

  37.  Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

  38.  Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the interest charged over such a short time period on the alleged debt.

39. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

40. By deceptively misrepresenting the timeframe on interest charged on the alleged debt, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

41. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

42. A debt collector violates 15 U.S.C. § 1692f(1) when it tries to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

43. Defendant's attempt to unlawfully collect on interest in excess of the lawful amount it can collect is a direct violation of 15 U.S.C. § 1692f(1).

44. By showing such a significant interest charge over only one (1) elapsed day, Defendant acted unfairly and unconscionably in an effort to collect a debt and to collect more than they are legally obligated to collect upon, in violation of 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. § 1692g, a debt collector must provide certain disclosures to consumers related to the underlying debt, including the amount of the debt, the name of the creditor to whom the debt is owed, and statements regarding the dispute or verification process.

46. Pursuant to 15 U.S.C. § 1692g(a)(1), Defendant is required to inform the Plaintiff of the amount owed on the alleged debt.

47. Defendant violated 15 U.S.C. § 1692g when it failed to provide the correct itemization on the interest charged in the time specified for an initial collection communication.

48. Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

49. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

50. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

51. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

52. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

53. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with the fear of a debt collector attempting to collect more than the legally authorized amount.

54. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

55. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

56. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to the collection of any consumer debt.

57. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's Letter.

58. Defendant's Letter further caused distress, embarrassment, humiliation, disruption, and other damages and consequences because Plaintiff was unaware as to why Defendant included an itemized breakdown with such an exorbitant interest charge for only one (1) day of elapsed time.

59. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

60. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

61. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

62. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

63. Based on Defendant's failure to comply with the FDCPA, Plaintiff expended time, money, and resources to determine how to respond to Defendant's Letter.

64. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## **COUNT I**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

65. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

10

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

68. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

69. Defendant violated § 1692e(2)(A) when it misrepresented the amount of the interest incurred over the provided timeframe in the Letter to Plaintiff and the Class members.

70. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

71. By deceptively misrepresenting the amount of interest incurred on of the alleged debt, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

72. Defendant violated 15 U.S.C. § 1692e:

  a. By misrepresenting the amount of interest incurred on the alleged debt by providing an exorbitant interest charge for only one (1) elapsed day in the itemized breakdown; and

  b. By failing to maintain policies and procedures that were reasonably calculated to prevent collection communications from being sent that did not obfuscate the correct interest incurred on the alleged debt.

73. By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

74. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

75. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

76. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

77. Additionally, § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

78. Defendant violated § 1692f:

　　a. By unfairly and unconscionably sending collection letters with an unreasonable interest charge for one (1) day without showing that it was legally authorized to collect such an amount; and

　　b. By failing to maintain policies and procedures that were reasonably calculated to prevent Defendant from making collection communications seeking more money than it is legally authorized to collect upon.

79. By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

80. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

81. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

82. Pursuant to 15 U.S.C. § 1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt. . .

83. Thus, Defendant violated 15 U.S.C. § 1692g:

   a. By failing to disclose the correct amount owed on the alleged debt because the interest charged in the Letter does not accurately state the amount incurred over the specified timeframe; and

   b. By failing to maintain policies and procedures that were reasonably calculated to prevent collection communications from being sent that did not obfuscate the balance of the alleged debt and the interest incurred.

84. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

85. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mayer Greenhut, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6. Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7.  Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  November 30, 2023        Respectfully submitted,

**STEIN SAKS, PLLC**
*/s/ Rami Salim*
By: Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff Mayer Greenhut*

15